# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3509
_____

Susan M. Ryan

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: July 21, 2022
Filed: August 15, 2022
[Unpublished]
_____

Before GRUENDER, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Susan Ryan appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We agree with the district court that substantial evidence in the record as a whole supports the adverse decision. See Kraus v. Saul, 988 F.3d 1019, 1023-24 (8th Cir. 2021) (standard of review).

Specifically, the administrative law judge (ALJ) did not err in finding some of Ryan's impairments non-severe. See Page v. Astrue, 484 F.3d 1040, 1044 (8th Cir. 2007) (ALJ's determination that claimant's impairment was non-severe was supported by substantial evidence, as it was based on medical opinions and examination findings). Further, in determining Ryan's residual functional capacity, the ALJ properly evaluated the medical opinions, see Medhaug v. Astrue, 578 F.3d 805, 815 (8th Cir. 2009) (ALJ may discount treating physician's opinion where other medical opinions are supported by better or more thorough evidence); cited multiple proper reasons for discounting Ryan's subjective complaints, see Schwandt v. Berryhill, 926 F.3d 1004, 1012 (8th Cir. 2019) (ALJ properly discredited claimant's complaints, in part because objective medical evidence did not support alleged limitations); Bryant v. Colvin, 861 F.3d 779, 782-83 (8th Cir. 2017) (ALJ properly considered claimant's daily activities and history of working with allegedly disabling condition in finding complaints not fully credible); and permissibly discounted the testimony of Ryan's daughter, see Schwandt, 926 F.3d at 1012 (ALJ may give less weight to lay witness statements that are inconsistent with record). Finally, the ALJ did not err in declining to rely on the vocational expert's (VE's) testimony that an individual with greater limitations would be unable to work, because the ALJ found that Ryan did not have such limitations. See Perkins v. Astrue, 648 F.3d 892, 901-02 (8th Cir. 2011) (ALJ did not err in declining to adopt portions of VE's testimony, which included limitations that ALJ found unsupported by record).

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendations of the Honorable Kelly K.E. Mahoney, United States Magistrate Judge for the Northern District of Iowa.

The judgment is affirmed.

_____